# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Maria Schoolcraft, individually and on behalf of all others similarly situated, | |
| | Case No. |
| *Plaintiff*, | |
| | **COMPLAINT** |
| vs. | |
| | **JURY TRIAL DEMANDED** |
| Link Snacks Inc. d/b/a/ Jack Link's | |
| *Defendant* | |

**Class Action Complaint**

### Table of Contents

I.     Introduction................................................................................................ 1

II.    Parties........................................................................................................ 2

III.   Jurisdiction and Venue.............................................................................. 2

IV.   Facts.......................................................................................................... 2

      A.     Free glutamates. ................................................................................ 2

      B.     MSG. ................................................................................................. 3

      C.     Labelling a food that contains free glutamates "NO ADDED MSG" is false and misleading.......................................................................... 4

      D.     Jack Links prominently labels and advertises its Products as having "NO ADDED MSG" .................................................................................. 7

      E.     In truth, Jack Links' Products have added MSG. ................................ 11

      F.     Defendant's "NO ADDED MSG" claims mislead reasonable consumers........... 13

      G.     Plaintiff was misled by Defendant's misrepresentations. ..................................... 16

V.     Class Action Allegations........................................................................... 18

VI.   Claims. ..................................................................................................... 20

VII.   Jury Demand. ........................................................................................... 25

VIII.   Prayer for Relief....................................................................................... 25



COMPLAINT - i

*An example product sold by Link Snacks. This product contains added MSG.*

## I. Introduction.

1.    Jack Links makes, markets, labels, distributes and sells beef jerky and meat snack products that are labeled and advertised as having "NO ADDED MSG." [1]

2.    By prominently labeling and advertising the Products as "NO ADDED MSG," Jack Links led Plaintiff and other reasonable consumers to believe that its Products do not have added MSG.  But the truth is that the Products contain ingredients such as yeast extract and soy sauce, that do contain MSG.  So the Products that Defendant prominently labels "NO ADDED MSG" actually do have added MSG.  By labeling its Products deceptively, Defendant misled consumers, caused them to buy Products that they do not actually want, and caused them to overpay for Products that aren't what they claim to be.

---

[1] Collectively, the "No MSG Products" or "Products."

COMPLAINT - 1



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717  |  F. 425.837.5396

## II.     Parties.

3.      Plaintiff Maria Schoolcraft is a citizen of Washington, domiciled in Lacey, Washington.  The proposed class (identified below) includes citizens of every state.

4.      Defendant Link Snacks ("Jack Links") is a Wisconsin corporation with its headquarters at 1 Snackfood Lane, Minong, Wisconsin 54859.

## III.     Jurisdiction and Venue.

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from the Defendant.

6.      The Court has personal jurisdiction over Defendant because Defendant sold the Products to consumers in Washington, including to Plaintiff.

7.      Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendant sold the Products to consumers in this District, including to Plaintiff.

## IV.     Facts.

### A.     Free glutamates.

8.      Glutamic acid and its salts are known as "free glutamates."  Free glutamates provide an "umami" or savory taste to food.  Umami taste induces salivary secretion, meaning that it makes your mouth water.  This can improve the taste of food.

9.      Free glutamates—and ingredients containing free glutamates—are frequently added to food to improve flavor.  Though widespread, this use of free glutamates and ingredients containing them as flavor enhancers is controversial.  Many consumers and researchers believe

COMPLAINT - 2



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

that consumption of free glutamates can lead to adverse health effect such as headaches, increased blood pressure, obesity, and psychiatric illness. [2, 3, 4]

10.    In addition, many consumers report sensitivity and allergies to foods containing free glutamates.  These consumers report negative reactions from eating foods that contain free glutamates including breathing difficulties, chest pain, facial flushing, headaches, numbness or burning pain in the mouth, increased heart rates, sweating, and swelling of the face.[5, 6]

11.    For all these reasons, many consumers seek to avoid foods that contain free glutamates.

**B.    MSG.**

12.    The term "MSG" is, in a technical sense, an abbreviation of "Monosodium Glutamate."  Monosodium Glutamate is the sodium salt form of glutamate, which is the most popular form of free glutamate added to prepared foods.

13.    As the FDA has repeatedly recognized, "while technically MSG is only one of several forms of free glutamate used in foods, consumers frequently use the term MSG to mean all free glutamate." [7]

---

[2] https://www.webmd.com/diet/high-glutamate-foods#1
[3] https://www.medicalnewstoday.com/articles/322303
[4] FDA and Monosodium Glutamate (MSG), FDA Backgrounder, pp. 3-4 (August 31, 1995).
[5] https://www.medicalnewstoday.com/articles/322303
[6] https://www.healthline.com/health/allergies/MSG
[7] FDA and Monosodium Glutamate (MSG), FDA Backgrounder, pp. 3-4 (August 31, 1995); Food Labeling; Declaration of Free Glutamate in Food, 61 Fed. Reg. 48102, 48108 (Sept. 12, 1996) (noting that consumers "use the term 'MSG' to mean all forms of free glutamate that are added to food"—not just the sodium salt form).

COMPLAINT - 3

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717    |    F. 425.837.5396

14.    In addition, the free glutamate in MSG is chemically indistinguishable from "free standing" free glutamate or free glutamate contained in other glutamic acid salts.  People ultimately metabolize these sources of free glutamate in the same way. [8]

15.    So to consumers, MSG means free glutamates.  And the only reason a consumer might want to avoid consuming foods that contain MSG is if they want to avoid consuming free glutamates.

16.    The FDA adopted findings by the Federation of American Societies for Experimental Biology ("FASEB"), which was retained by the FDA to perform this study, that naturally occurring free glutamates cause adverse effects just like manufactured free glutamates:

> "Free glutamate can exist in two possible stereoisomeric forms: Dglutamate and L-glutamate. L-glutamate is the predominant natural form and the only form with flavor-enhancing activity. FASEB concluded that MSG symptom complex reactions are related to L-glutamate exposure and that the chemical nature of L-glutamate is the same regardless of the source, i.e., whether manufactured or naturally occurring in the food. Thus, FASEB found no evidence to support the contention that adverse reactions occur with manufactured but not naturally occurring glutamate." [9]

17.    Because many consumers wish to avoid foods that contain free glutamates, many prepared foods—including the foods sold by Defendant—are prominently labeled "NO ADDED MSG."

**C.    Labelling a food that contains free glutamates "NO ADDED MSG" is false and misleading.**

18.    Because consumers use the term "MSG" to refer to free glutamates generally (as opposed to the sodium salt form of free glutamate specifically) a reasonable consumer would

---

[8] https://www.fda.gov/food/food-additives-petitions/questions-and-answers-monosodium-glutamate-MSG

[9] Food Labeling; Declaration of Free Glutamate in Food, 61 Fed. Reg. 48102, 48108 (Sept. 12, 1996)

COMPLAINT - 4

understand a claim of "No added MSG" to mean that a food product labeled or described in this manner does not contain free glutamates—in sodium salt form or otherwise.

19.    And indeed, as explained above, the glutamate in MSG is chemically indistinguishable from "free standing" free glutamate or free glutamate contained in other glutamic acid salts. [10]

20.    In addition, a reasonable consumer would understand the statement "No MSG" and "No added MSG" to mean that the product 1) does not contain any "standalone" free glutamates and also 2) does not contain any ingredients that themselves contain free glutamates. This is because if an ingredient of a product contains free glutamates, then the product itself contains free glutamates.  As a result, it is false and misleading to describe a product that either 1) contains free glutamates or 2) contains ingredients that contain free glutamates as having "No MSG" or "No added MSG."

21.    The FDA has repeatedly recognized this common-sense proposition.

22.    For example, an FDA Backgrounder on MSG noted:

> While technically MSG is only one of several forms of free glutamate used in foods, consumers frequently use the term MSG to mean all free glutamate. For this reason, FDA considers foods whose labels say "No MSG" or "No Added MSG" to be misleading if the food contains ingredients that are sources of free glutamates, such as hydrolyzed protein.

23.    Likewise, in a notice of proposed rulemaking published in the Federal Register, the FDA explained:

> "FDA tentatively finds that consumers are likely to perceive a 'No MSG' or 'No added MSG' claim on a label as indicating the absence of all forms of free glutamate in the food.  Such claims encourage consumers wishing to avoid free glutamate to purchase a food by representing the food as free of MSG.  … [W]hile technically such foods bearing a claim about the absence of MSG do not contain the ingredient monosodium glutamate,

---

[10] https://www.fda.gov/food/food-additives-petitions/questions-and-answers-monosodium-glutamate-MSG

COMPLAINT - 5

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

they frequently contain levels of free glutamate that cause claims like 'No MSG' and 'No added MSG' to be misleading." [11]

"A related problem is the use of claims such as 'No MSG' and 'No added MSG' on foods that contain substantial amounts of naturally occurring free glutamate, such as tomato paste and certain cheeses. Although such foods do not contain MSG itself, they contain ingredients with concentrations of free glutamate that function as flavor enhancers like MSG. Because of their free glutamate content, these foods are as likely to cause or contribute to an MSG symptom complex reaction as a food that contains a comparable amount of MSG. A claim such as 'No MSG' is misleading because it implies that the food may be consumed by glutamate-intolerant consumers without risk of a reaction." [12]

24.    The FDA concluded:

"A food that bears a false or misleading claim about the absence of MSG is misbranded under section 403(a) of the act. FDA has repeatedly advised consumers and industry that it considers such claims as 'No MSG' and 'No added MSG' to be misleading when they are used on the labels of foods made with ingredients that contain substantial levels of free glutamate." [13]

25.    Also, on November 19, 2012, the FDA expressly clarified that, under section 403(a) of the Food, Drug, and Cosmetic Act, foods containing any form of free glutamate—and not just monosodium glutamate specifically—"cannot claim 'No MSG' or 'No added MSG' on their packaging" because such a label would be misleading to reasonable consumers [14, 15]:

---

[11] Food Labeling; Declaration of Free Glutamate in Food, 61 Fed. Reg. 48102, 48108 (Sept. 12, 1996)

[12] *Id.*

[13] *Id.*

[14] https://www.fda.gov/food/food-additives-petitions/questions-and-answers-monosodium-glutamate-MSG

[15] The FDA's interpretation of its regulations—even an informal interpretation in a Q&A on the FDA's website—is binding. *Campen v. Frito-Lay N. Am., Inc., No.* 12-1586 SC, 2013 U.S. Dist. LEXIS 47126, at *28 (N.D. Cal. Apr. 1, 2013).

COMPLAINT - 6

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717    |    F. 425.837.5396

**How can I know if there is MSG in my food?**

FDA requires that foods containing added MSG list it in the ingredient panel on the packaging as monosodium glutamate. However, MSG occurs naturally in ingredients such as hydrolyzed vegetable protein, autolyzed yeast, hydrolyzed yeast, yeast extract, soy extracts, and protein isolate, as well as in tomatoes and cheeses. While FDA requires that these products be listed on the ingredient panel, the agency does not require the label to also specify that they naturally contain MSG. However, foods with any ingredient that naturally contains MSG cannot claim "No MSG" or "No added MSG" on their packaging. MSG also cannot be listed as "spices and flavoring."

**D.    Jack Links prominently labels and advertises its Products as having "NO ADDED MSG"**

26.    Many prepared foods that do not contain any free glutamates are labeled "No MSG" and "No added MSG."  The reason many prepared foods are labeled this way is because, as explained above, whether or not a product contains MSG matters to consumers.  Accordingly, many consumers seek out—and are willing to pay more for—products that carry the "NO ADDED MSG" label.

27.    Jack Links prominently labels the No MSG Products with a "NO ADDED MSG" claim.  Additional representative examples are below:

COMPLAINT - 7



CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396





28.     The placement and styling of each label calls attention to the "NO ADDED MSG" claims.

29.     Jack Links' advertisements pervasively make the same claims.  For example, here are representative advertisements from the "Jack Links Store" on Amazon and from the Jack Links website:

COMPLAINT - 9

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717    |    F. 425.837.5396

MADE WITH 100% PREMIUM BEEF: Jack Link's Beef Jerky is made from lean cuts of 100% premium beef, then seasoned with simple ingredients like water and salt. Our delicious beef jerky is 96% fat free <u>with no added MSG</u>.[16] (emphasis added)

Jack Link's Beef Jerky is made from lean cuts of 100% premium beef, then seasoned with simple ingredients like salt and water. It's 96% fat free with <u>no added MSG</u>. [17] (emphasis added)

MADE WITH 100% BEEF: Our Teriyaki Beef Jerky starts with carefully selected lean cuts of 100% premium beef marinated with a blend of soy sauce, brown sugar, garlic and ginger. Then, it's slow cooked over hardwood smoke. <u>No added MSG</u>. No added nitrates." (emphasis added)[18]

30.    The following page, from the Jack Links Amazon store, illustrates how pervasive these claims are: [19]




---

[16] https://www.amazon.com/Jack-Links-Beef-Jerky-Original/dp/B07JLT9FK9?ref_=ast_sto_dp&th=1
[17] *Id.*
[18] https://www.jacklinks.com/shop/teriyaki-beef-jerky
[19] https://www.amazon.com/Jack-Links-Sticks-Original-packaging/dp/B00649MYJG?ref_=ast_sto_dp

COMPLAINT - 10

CARSON | NOEL
PLLC

31.     Jack Links labels its products "NO ADDED MSG" because it intends for people to rely on the labels and to believe that the No MSG Products do not contain MSG, nor do they contain ingredients that themselves contain MSG.   And based on these representations, a reasonable consumer would understand that the No MSG Products do not contain any added MSG.  A reasonable consumer would also understand that the No MSG Products do not contain any ingredients that themselves contain MSG.

32.     Certain No MSG Products also include—in fine print hidden in the bottom corner of the package—the statement "except for that naturally occurring in soy sauce, hydrolyzed corn protein, and yeast extract."   This is shown in the magnified depiction below:



33.     As explained in detail below, a reasonable consumer would not notice this qualifying language (in fact, it is designed to go unnoticed).  And even as qualified, Jack Links' NO ADDED MSG claims are still misleading.

**E.     In truth, Jack Links' Products have added MSG.**

34.     The truth is that the No MSG Products do contain ingredients that contain MSG. Defendant adds these ingredients to the No MSG Products specifically to give the products an "umami" taste.  As a result, Defendant's "NO ADDED MSG" claim is untrue.

COMPLAINT - 11

35.     For example, here are the ingredients in Defendant's Original Beef Jerky (pictured above with a prominent "NO ADDED MSG" label):

**INGREDIENTS:** BEEF, WATER, SUGAR, BROWN SUGAR, CONTAINS 2% OR LESS OF SEA SALT, SALT, SOY SAUCE (WHEAT, SOYBEANS, SALT), HYDROLYZED CORN PROTEIN, YEAST EXTRACT, FLAVORS, MALTODEXTRIN, CULTURED CELERY EXTRACT, BEEF STOCK, PINEAPPLE POWDER, CITRIC ACID.
**CONTAINS:** WHEAT, SOY

36.     Multiple added ingredients contain MSG, including the yeast extract, soy sauce, and hydrolyzed corn protein.

37.     For example, with respect to yeast extract, as consumer nutrition articles explain:

Food that lists the ingredient yeast extract always contains MSG. Although MSG may also be labeled autolyzed yeast, yeast food or yeast nutrient, the common name including the word yeast currently used in processed foods to avoid listing the ingredient as monosodium glutamate is yeast extract. Avoid foods with yeast extract if you have adverse reactions to MSG, even though you find the enhanced flavor highly appealing.[20]

Another possible concern about consuming autolyzed yeast extract is that it naturally contains monosodium glutamate.[21]

38.     Also, these ingredients (e.g., yeast extract and soy sauce) are not ingredients that are necessarily a part of the No MSG Products (like the beef in beef jerky). Rather, Jack Links added these ingredients to enhance taste.

---

[20] https://www.livestrong.com/article/377482-other-names-for-msg-or-monosodium-glutamate/

[21] https://www.livestrong.com/article/71755-autolyzed-yeast-extract/

COMPLAINT - 12

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717    |    F. 425.837.5396

39.      In sum, Jack Links' "NO ADDED MSG" claims are false, because its products contain added MSG.

**F.       Defendant's "NO ADDED MSG" claims mislead reasonable consumers.**

40.      As the FDA has stated, it is misleading to label a product "NO MSG" or "NO ADDED MSG" if that product contains MSG, or if that product contains ingredients that contain MSG (i.e., free glutamates). [22]  This is because, based on the fact that Defendant labeled the No MSG Products "NO ADDED MSG," a reasonable consumer would expect that those products do not contain MSG.  A reasonable consumer would also expect that those products do not contain any ingredients that themselves contain MSG.

41.      In fact, several of the ingredients found in Defendant's No MSG Products are examples that the FDA provides of added ingredients that make a "No MSG" or No added MSG" claim misleading. [23]  This is because, to consumers, adding these ingredients is adding MSG.

42.      On its website, Jack Links offers a purported justification for its NO ADDED MSG claims. It implies that, if the product ingredients don't include pure "monosodium glutamate" (the sodium salt of glutamate), then there is no MSG in the products: [24]

---

[22] https://www.fda.gov/food/food-additives-petitions/questions-and-answers-monosodium-glutamate-MSG; *see Campen v. Frito-Lay N. Am., Inc*., No. 12-1586 SC, 2013 U.S. Dist. LEXIS 47126, at *25-29 (N.D. Cal. Apr. 1, 2013) ("The FDA made clear that even though MSG and ingredients that are sources of MSG must be labeled by their proper names, a manufacturer cannot say that a product containing an ingredient that is a source of MSG, like torula yeast, therefore contains 'No MSG.'").

[23] https://www.fda.gov/food/food-additives-petitions/questions-and-answers-monosodium-glutamate-MSG  ("MSG occurs naturally in ingredients such as hydrolyzed vegetable protein, autolyzed yeast, hydrolyzed yeast, yeast extract, soy extracts, and protein isolate")

[24] https://www.jacklinks.com/faqs/

COMPLAINT - 13

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717    |    F. 425.837.5396

**IS THERE MSG IN YOUR PRODUCTS?**

MSG is a flavor enhancer that is used in some products to give it a more savory, mouth-watering flavor. All of our products that contain monosodium glutamate (MSG) are clearly labeled, as required by law. MSG is not allowed to be listed under "flavorings" or "spices" so it will always be clearly listed as "monosodium glutamate" on the label. No punches; pure transparency!

43. This assertion—that MSG only means pure monosodium glutamate added as a separate agreement—has been specifically rejected by the FDA, because this is not what MSG means to consumers. The "FDA requires that foods containing added MSG list it in the ingredient panel on the packaging as monosodium glutamate. … However, foods with any ingredient that naturally contains MSG cannot claim 'No MSG' or 'No added MSG' on their packaging.") [25] This is because, to reasonable consumers, adding ingredients that themselves contain MSG (i.e., free glutamates) is no different from adding monosodium glutamate as a distinct ingredient. [26]

44. Whether a product contains MSG is material to a reasonable consumer. As explained above, many consumers and researchers believe that consumption of free glutamates can lead to adverse health effects. In addition, many consumers report sensitivity and allergies to foods containing free glutamates. Accordingly, many consumers—including Plaintiff—seek to avoid any form of MSG.

45. Defendant's false statements increased the demand for the No MSG Products. As a result, Defendant was able to charge more for its No MSG Products than it would have been able to had the packaging and ads been truthful. Accordingly, as a direct result of Defendant's false statements, Defendant was able to charge a price premium for its No MSG Products. As

---

[25] https://www.fda.gov/food/food-additives-petitions/questions-and-answers-monosodium-glutamate-MSG

[26] *Campen v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2013 U.S. Dist. LEXIS 47126, at *25-29 (N.D. Cal. Apr. 1, 2013)

COMPLAINT - 14

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717    |    F. 425.837.5396

purchasers of the No MSG Products, Plaintiff and each member of the proposed class paid this price premium and, as a result, sustained an economic injury as a result of Defendant's false statements.

**G.    Defendant's hidden qualifier does not stop reasonable consumers from being misled.**

46.    The small-print qualifier on certain Product packaging (illustrated above) fails to stop reasonable consumers from being misled.  As illustrated above, certain Products state—in small font in the bottom corner of the package—"except for that naturally occurring in soy sauce, hydrolyzed corn protein, and yeast extract."  Even as qualified, the "NO ADDED MSG" label is misleading, for two separate reasons.

47.    *First*, a reasonable consumer would not notice the statement that MSG is "naturally occurring in soy sauce, hydrolyzed corn protein, and yeast extract."  In fact, as shown above, Defendant designed the statement to go unnoticed.  A reasonable consumer would focus on the prominent "NO ADDED MSG" claim, and not notice the fine-print qualifying statements.  And this is exactly what happened to Plaintiff, who saw and relied on the large "NO ADDED MSG" claim, but did not even notice, much less read, the qualifying statement.

48.    *Second*, if a consumer did happen to notice the qualifier, Jack Links' claims are still misleading.  A reasonable consumer would expect qualifying language to be consistent with, and not directly contrary to, the NO ADDED MSG claim.  If a consumer reads a contradictory, qualifying statement, it is confusing (not clarifying).  Thus, such a contradictory statement does not make the labeling truthful overall.

49.    To try to make sense of a contradictory qualifier, a reasonable consumer would interpret qualifying language in a manner consistent with the language it qualifies.  When coupled with the prominent statement "NO MSG," a reasonable consumer would interpret this

COMPLAINT - 15

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717    |    F. 425.837.5396

statement to convey that the naturally occurring glutamates are not "MSG," i.e., the very free glutamates that concern consumers and the FDA, but rather are some different kind of glutamate that does not have the same wellness concerns.[27]   This interpretation makes the qualifier consistent with, rather than directly contradictory to, the prominent NO MSG statement.  But this interpretation, although reasonable, would be wrong—the added free glutamates are exactly the kind that consumers are worried about.  And so even if a consumer read the qualifying statement, they would be misled.

50.     Moreover, a reasonable consumer would interpret this qualifying statement to mean that the added MSG is necessary to make the basic product (such as beef) as opposed to an optional ingredient added specifically for taste (such as yeast extract and soy sauce).  But in fact, Defendant adds ingredients containing MSG specifically for taste.

**G.     Plaintiff was misled by Defendant's misrepresentations.**

51.     Ms. Schoolcraft bought Jack Links Original Beef Jerky, from Amazon, on June 22, 2021.  At the time she lived in Lacey, Washington.  As illustrated by the listing below, from her Amazon account, the product ad claimed NO ADDED MSG:

---

[27] For example, bound glutamates (another kind of glutamate that is different from MSG and which does not have the same reported health effects as free glutamates).

COMPLAINT - 16



52.    She saw and relied on Jack Links' "NO ADDED MSG" claims.  She did not notice the tiny qualifying language "except for that naturally occurring in soy sauce, hydrolyzed corn protein, and yeast extract" when she purchased the product.

53.    Ms. Schoolcraft tries to avoid eating foods that include MSG.  She would not have purchased the product if she had known that the product has added MSG.

54.    To be sure, Ms. Schoolcraft would purchase the product again if it actually did not contain any added free glutamates (i.e., if the product was sold with NO ADDED MSG, as advertised).  Plaintiff, however, faces an imminent threat of harm because she will not be able to rely on the labels in the future, and thus will not be able to purchase the products.



COMPLAINT - 17

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717    |    F. 425.837.5396

## V.    Class Action Allegations.

55.    Plaintiff brings certain claims on behalf of the proposed class of: all persons who purchased a No MSG Product in the United States during the applicable statute of limitations (the "Nationwide Class").

56.    For other claims, Plaintiff brings those claims on behalf of a subclass of consumers who live in the identified states (the "Consumer Protection Subclass").

57.    For certain claims, Plaintiff also brings those claims on behalf of a subclass of consumers who, like Plaintiff, purchased No MSG Products in Washington  (the "Washington Subclass").

58.    The following people are excluded from the Class and the Subclasses: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### *Numerosity*

59.    The proposed class contains members so numerous that separate joinder of each member of the class is impractical. Based on the pervasive distribution of No MSG Products, there are millions of proposed class members.

COMPLAINT - 18



*Commonality*

60.     There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

-   whether Defendant's labeling of the No MSG Products as "NO ADDED MSG" is misleading to a reasonable consumer

-   whether Defendant violated state consumer protection laws

-   whether Defendant committed a breach of express warranty

-   damages needed to reasonably compensate Plaintiff and the proposed class.

*Typicality*

61.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased No MSG Products.

*Predominance and Superiority*

62.     The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards for the parties opposing the class. For example, individual adjudication would create a risk that breach of the same express warranty is found for some proposed class members, but not others.

63.     Common questions of law and fact predominate over any questions affecting only individual members of the proposed class. These common legal and factual questions arise from central issues which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any particular class member. For example, a core liability question is common: whether Defendant's "NO ADDED MSG" labeling is false and misleading.

COMPLAINT - 19



64.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI.    Claims.

### Count I: Violations of State Consumer Protection Acts
#### (on behalf of Plaintiff and the Consumer Protection Subclass)

65.    Plaintiff incorporates each and every factual allegation set forth above.

66.    This count is brought on behalf of Plaintiff and the Consumer Protection Subclass for violations of the following state consumer protection statutes:

| State | Statute |
|---|---|
| Arizona | Ariz. Rev. Stat. §§ 44-1521, and the following. |
| Arkansas | Ark. Code § 4-88-101, and the following. |
| California | Cal. Bus. & Prof. Code § 17200, and the following; *Id.* §17500, and the following Cal. Civ. Code §1750 and the following; |
| Colorado | Colo. Rev. Stat. Ann. § 6-1-101, and the following. |
| Connecticut | Conn. Gen Stat. Ann. § 42- 110, and the following. |
| Delaware | 6 Del. Code § 2513, and the following. |
| Washington, D.C. | D.C. Code § 28-3901, and the following. |
| Georgia | Ga. Code Ann. § 10-1-390, and the following. |
| Hawaii | Haw. Rev. Stat. § 480-2, and the following. |
| Idaho | Idaho Code. Ann. § 48-601, and the following. |
| Illinois | 815 ILCS § 501/1, and the following. |
| Kansas | Kan. Stat. Ann. § 50-623, and the following. |
| Louisiana | LSA-R.S. § 51:1401, and the following. |
| Maine | Me. Rev. Stat. Ann. Tit. 5, § 207, and the following. |
| Maryland | Md. Code Ann. Com. Law, § 13-301, and the following. |
| Massachusetts | Mass. Gen Laws Ann. Ch. 93A, and the following. |
| Michigan | Mich. Comp. Laws Ann. § 445.901, and the following. |
| Minnesota | Minn. Stat. § 325F, and the following. |
| Montana | Mont. Code Ann. §§ 30-14-101, and the following. |
| Missouri | Mo. Rev. Stat. § 407, and the following. |
| Nebraska | Neb. Rev. St. § 59-1601, and the following. |

COMPLAINT - 20

| Nevada | Nev. Rev. Stat. § 41.600, and the following. |
| New Hampshire | N.H. Rev. Stat. § 358-A:1, and the following. |
| New Jersey | N.J. Stat. Ann. § 56:8, and the following. |
| New Mexico | N.M. Stat. Ann. § 57-12-1, and the following. |
| New York | N.Y. Gen. Bus. Law § 349, and the following. |
| North Carolina | N.C. Gen Stat. § 75-1.1, and the following. |
| North Dakota | N.D. Cent. Code § 51-15, and the following. |
| Ohio | Ohio Rev. Code Ann. § 1345.01, and the following. |
| Oklahoma | Okla. Stat. tit. 15 § 751, and the following. |
| Oregon | Or. Rev. Stat. § 646.605, and the following. |
| Pennsylvania | 73 P.S. § 201-1, and the following. |
| Rhode Island | R.I. Gen. Laws § 6-13.1- 5.2(B), and the following. |
| South Carolina | S.C. Code Ann. § 39-5-10, and the following. |
| South Dakota | S.D. Codified Laws § 37-24-1, and the following. |
| Tennessee | Tenn. Code Ann. § 47-18-101, and the following. |
| Texas | Tex. Code Ann., Bus. & Con. § 17.41, and the following. |
| Utah | Utah Code. Ann. § 13-11-175, and the following. |
| Vermont | 9 V.S.A. § 2451, and the following. |
| Virginia | Va. Code Ann. § 59.1-199, and the following. |
| Washington | Wash. Rev. Code § 19.86.010, and the following. |
| West Virginia | W. Va. Code § 46A, and the following. |
| Wisconsin | Wis. Stat. § 100.18, and the following |
| Wyoming | Wyo. Stat. Ann. § 40-12-101, and the following. |

67.     Each of these statutes prohibits unfair, unconscionable, and/or deceptive acts or practices in the course of trade or commerce or in connection with the sale of goods or services to consumers.  Defendant's misleading packaging and ads violate each statute's prohibitions.

68.     The sale of the No MSG Products is the sale of goods to consumers. Hundreds of thousands (or potentially millions) of consumers purchase these products.

69.     As alleged in detail above, Defendant's misrepresentations were misleading to Plaintiff and to reasonable consumers.  As the manufacturer, Defendant was aware that the No MSG Products contain free glutamates/MSG.  Accordingly, Defendant was aware that its packaging and ads were misleading to reasonable consumers.

COMPLAINT - 21



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

70.     For applicable statutes, Plaintiff provided written notice on February 11, 2022 and a demand for correction (together with notice of certain other violations alleged in this Complaint).  Upon the expiration of any governing statutory notice period, Plaintiff and the class seek all available injunctive or monetary relief.

71.     Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing them harm, because (a) they would not have purchased the No MSG Products at the price they paid if they had known that they contained MSG, and (b) they overpaid for the products because they are sold at a price premium due to Defendant's misrepresentations.

**Count II: Violation of Violation of the Washington Consumer Protection Act, Wash. Rev. Code ch.19.86**
**(on behalf of Plaintiff and the Washington Subclass)**

72.     Plaintiff incorporates each and every factual allegation set forth above.

73.     Plaintiff brings this cause of action individually and for the Washington Subclass, seeking reasonable attorney fees, treble damages, and other relief.

74.     Plaintiff and the Subclass purchased No MSG Products in Washington.

75.     Defendant's false and misleading "NO ADDED MSG" claims had the capacity to deceive a substantial portion of the public into believing that the Products do not have added MSG.

76.     Defendant's misrepresentations occurred in the conduct of trade or commerce affecting the people of the State of Washington, committed in the course of the Defendants' business, were committed repeatedly before the Plaintiff ever purchased a No MSG Product, as part of a pattern of misrepresenting whether the No MSG Products have MSG, which affected hundreds of thousands (or potentially millions) of other Washington residents.  Moreover, there is a substantial potential that Defendants' wrongful conduct will continue into the future.

COMPLAINT - 22

77.     Defendant's "No ADDED MSG" misrepresentations were material.  As alleged in detail above, these "No ADDED MSG" misrepresentations were important to consumers and affected their choice to purchase the No MSG Products.  And, as alleged in detail above, these misrepresentations were likely to mislead reasonable consumers.

78.     Defendant's misrepresentations were willful and knowing.  Because Defendant makes and sells the No MSG Products, Defendant knows what ingredients they contain and knows that those ingredients include MSG.  Furthermore, Defendant controls its labeling, knowingly put on the "NO ADDED MSG" representations, knows the plain meaning of "NO ADDED MSG" to consumers, and therefore knows that its labeling is misleading to reasonable consumers.

79.     Plaintiff and Subclass members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing them harm, because they did not get what they paid for (meat snacks that do not contain added MSG) and they overpaid for the products because the products are sold at a price premium due to Defendant's misrepresentations.

80.     Plaintiff and the Subclass seek treble damages, an injunction, reasonable attorney fees, expenses, and all other available relief.

<strong><u>Count III: Breach of Express Warranty</u><br>(on behalf of Plaintiff and a Nationwide Class)</strong>

81.     Plaintiff incorporates by reference each and every factual allegation set forth above.

82.     Plaintiff brings this count individually and for the Nationwide Class.

83.     Defendant, as the designer, manufacturer, marketer, distributor, supplier, and/or seller of the NO MSG Products, issued material, written warranties by representing that the

COMPLAINT - 23

**CARSON | NOEL**
PLLC

products had "NO ADDED MSG." This was an affirmation of fact about the products (i.e., a description of the ingredients) and a promise relating to the goods.

84.     This warranty was part of the basis of the bargain and Plaintiff and members of the Nationwide Class relied on this warranty.

85.     In fact, the No MSG Products do not conform to the above-referenced representation because, as alleged in detail above, they contain MSG. Thus, the warranty was breached.

86.     Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on February 11, 2022.

87.     Plaintiff and the Nationwide Class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing them harm, because (a) they would not have purchased the No MSG Products at the price they paid if they had known that they contained MSG, and (b) they overpaid for the products because they are sold at a price premium due to Defendant's misrepresentations.

**Count IV: Unjust Enrichment**
**(on behalf of Plaintiff and a Nationwide Class)**

88.     Plaintiff incorporates by reference each and every factual allegation set forth above.

89.     Plaintiff brings this count individually and for the Nationwide Class.

90.     Plaintiff pleads this claim in the alternative, if Plaintiff lacks an adequate remedy at law.

91.     Plaintiff and Class members conferred a benefit on Jack Links by paying for the No MSG Products. In particular, Plaintiff and all Class members paid for products that were not

COMPLAINT - 24



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

what they claimed to be, and paid a price premium that resulted from Defendant's NO ADDED MSG representations.

92.     Jack Links knew of this benefit because it received the money and because it advertises its products as NO ADDED MSG to increase demand and the price that it can charge.

93.     It would be inequitable under the circumstances for Jack Links to retain the money that Plaintiff and Class members paid for "NO ADDED MSG" products, when in truth Jack Links added MSG to the Products.

94.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing them harm, because (a) they would not have purchased the No MSG Products at the price they paid if they had known that they contained MSG, and (b) they overpaid for the products because they are sold at a price premium due to Defendant's misrepresentations.

**VII.    Jury Demand.**

95.     Plaintiff demands a jury trial on all issues so triable.

**VIII.    Prayer for Relief.**

96.     Plaintiff seeks the following relief individually and for the proposed class and subclasses:

- An order certifying the asserted claims, or issues raised, as a class action;

- A judgment in favor of Plaintiff and the proposed class;

- Damages, treble damages, and punitive damages where applicable;

- Restitution;

- Disgorgement, and other just equitable relief;

- Pre- and post-judgment interest;

COMPLAINT - 25



- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;

- Reasonable attorneys' fees and costs, as allowed by law; and

- Any additional relief that the Court deems reasonable and just.

Dated: February 16, 2022                    Respectfully submitted,

                                            **CARSON NOEL PLLC**

                                            By:   ___ */s/ Wright A. Noel*
                                                      Wright A. Noel

                                            Wright A. Noel, WSBA No. 25264
                                            20 Sixth Ave. NE
                                            Issaquah WA 98027Tel: 425-395-7786
                                            Fax: 425-837-5396
                                            Email: wright@carsonnoel.com

                                            **DOVEL & LUNER, LLP**
                                            Simon Franzini (Cal. Bar No. 287631*)*
                                            *(pro hac vice application forthcoming)*
                                            Jonas B. Jacobson (Cal. Bar No. 269912*)*
                                            *(pro hac vice application forthcoming)*
                                            Alex Van Dyke (Cal. Bar No. 340379)
                                            *(pro hac vice application forthcoming)*
                                            201 Santa Monica Blvd., Suite 600
                                            Santa Monica, California 90401
                                            Email:  simon@dovel.com
                                            Email:  jonas@dovel.com
                                            Email:  alex@dovel.com
                                            Telephone: (310) 656-7066
                                            Facsimile: (310) 656-7069

                                            **BROSLAVSKY & WEINMAN, LLP**
                                            Zack Broslavsky (State Bar No. 241736)
                                            *(pro hac vice application forthcoming)*
                                            1500 Rosecrans. Ave, Suite 500
                                            Manhattan Beach, CA 90266
                                            Email:  zbroslavsky@bwcounsel.com
                                            Telephone: (310) 575-2550
                                            Facsimile: (310) 464-3550

                                            *Counsel for Plaintiff and the Proposed Class*

COMPLAINT - 26

